**\*E-FILED 3/22/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMILAH ABDUL HAQQ,<br><br>             Plaintiff,<br>       v.<br><br>STANFORD HOSPITAL AND CLINICS, et al.,<br><br>             Defendants.                                    / | NO. C 06-05444 JW (RS)<br><br>**ORDER DENYING MOTION FOR "QUALIFIED PROTECTIVE ORDER AND 'FIRST LOOK'"** |

## I. INTRODUCTION

In this action arising from alleged employment discrimination, defendants issued subpoenas to various third parties seeking records regarding plaintiff's employment, academic, and medical histories. Plaintiff Jamilah Haqq moves for a protective order that, in addition to providing protections for confidential materials produced in the general course of discovery in this action, would give Haqq's counsel a "first look" at any documents produced in response to these subpoenas, and the right to instruct that any documents he deems inappropriate for production not be turned over to defendants. Pursuant to Civil Local Rule 7-1 (b), the Court finds this matter suitable for disposition without oral argument.

Haqq argues that utilizing her proposed "first look" procedure will balance her privacy rights against defendants' discovery rights, but she has cited no authority that specifically authorizes or endorses such a procedure. Although the Court might have the power to impose a "first look" procedure in appropriate circumstances, Haqq has failed to show that it is warranted here. Accordingly, the motion will be denied.

1

## II.  BACKGROUND

According to her complaint, Haqq was employed by defendant Stanford Hospital and Clinics ("Stanford Hospital") beginning in 1997.  In 1999 she was "transferred" to Lucile Packard Children's Hospital at Stanford ("Packard") with her "seniority rights" intact.[1]  Haqq contends that defendants (1) failed to grant her an interview for the "RN New Grad Training Program," (2) failed to accommodate her known learning disability by granting her time off to study for her nursing exam, (3)  failed to accommodate her known hypertension, (4) failed to inform her of her rights under the Family Medical Leave Act or the California Family Rights Act, (5) failed to engage in an "interactive process" with plaintiff upon learning of her hypertension, and (6) ultimately terminated her employment "due to health reasons."  Haqq avers that defendant's conduct included discrimination based on the fact that she is African-American and has an "Arabic-sounding" surname.  In discovery responses in this action, Haqq has asserted that "emotional distress is most likely the source of damages," although she also identified certain other lesser monetary damage claims and noted that her responses were made without waiver of her objection that damages will be the subject of expert testimony.

## III.  DISCUSSION

Throughout her briefing, Haqq argues that the records defendants are seeking go far beyond matters that might be relevant to the issues in this action, both in terms of subject matter and time frame.  Simultaneously, however, Haqq suggests that if her counsel is permitted a "first look" at the documents, he may very well decide that *all* of them can be produced to defendants.  Additionally, Haqq fails to address defendants' argument that, with respect to medical records, the subpoenas seek documents identified in Haqq's own initial disclosures under Rule 26 of the Federal Rules of Civil

---

[1] While the record is unclear as to the precise relationship between Stanford Hospital and Packard Hospital, that question need not be answered for purposes of this motion.

2

Procedure as being materials supporting her claims.[2] Under the circumstances, defendants have made an adequate showing that the materials sought are relevant for purposes of discovery and Haqq has failed to establish that a protective order should issue on relevance grounds, or that she is even so contending.

Haqq's primary argument is that the best way to strike a *balance* between her privacy interests and defendants' right to discover relevant materials is to give her counsel a "first look" at any documents the third parties may produce. Haqq suggests that if her counsel concludes any of the documents should not be produced, he will identify them on a "privilege log" to be provided to the defendants, who can then move to compel if they disagree with the decision to withhold. The practical difficulties in Haqq's proposal outweigh any advantages it might otherwise offer. Initially, the very label "privilege log" reveals a flaw in the proposal. Haqq does not appear to be suggesting that any documents her counsel might wish to withhold are actually privileged, and given that these are documents in the possession of third parties, it is difficult to see how such an argument could be made in any event. Rather, Haqq appears to be suggesting that documents would be withheld, if at all, under a claim that they have no relevance or so little relevance as to be outweighed by Haqq's privacy interests. Unlike privilege issues, however, that is not a matter that can easily be evaluated based on entries on a "log."[3] It is reasonable to assume, therefore, that if documents were withheld based on counsel's "first look," it would only result in further motion practice, and likely in an *in camera* review of the documents.

In contrast, defendants here have offered to receive the documents on an "attorney eyes

---

[2] Defendants' brief suggests that Haqq's academic records were also identified in her initial disclosures as relevant materials in the possession of third parties, but it appears that the reference in those disclosures to "San Jose State University" related to additional medical documents rather than academic records *per se*. Defendants' point that Haqq's own disclosures supports defendants' relevance argument, however, remains valid. The Court expresses no opinion as to whether Rule 26 actually requires a party to identify relevant documents in a third party's possession, custody or control, although the Rule does require the identification of any third parties likely to possess discoverable information.

[3] Not *all* claims of privilege can be evaluated based on log entries either, with the result that courts sometimes are forced to resort to *in camera* review. Ordinarily, however, basic log information as to the identity of the sender, recipient, date, and general subject matter of a document is sufficient to establish its status as privileged or non-privileged. It is much more difficult to imagine how a log entry could establish that the relationship between the relevance and privacy interests implicated by a particular document justifies its non-production.

3

only" basis for not less than 60 days, under a general protective order to be entered upon a stipulation between the parties. Haqq would then have the opportunity to seek a protective order to preclude further dissemination of any of the documents as to which counsel were unable to agree should continue to be limited to "attorney eyes only." While such a procedure *may* still result in further motion practice, it permits *meaningful* meet and confer discussions between counsel to an extent that would not be possible if defense counsel only had in hand the information on a "privilege log."

Accordingly, Haqq's motion is denied. The parties appear to be in essential agreement that a general, stipulated, protective order is appropriate in this case. Counsel is hereby ordered to meet and confer as to the form of such an agreement and to submit a stipulated proposed protective order within two weeks of the date of this order. In the event counsel are unable to agree as to the form of such order, they shall submit their respective proposed orders within the same time period, with a joint cover letter not to exceed three pages identifying the points of disagreement. Production of documents under the subpoenas in dispute shall take place within 10 days of the Court's entry of the protective order. Defendants' counsel shall treat all documents produced under the subpoenas as "attorney eyes only" for a period of not less than 60 days. During that time, the parties shall meet and confer to determine the appropriate level of protection under the protective order for each of the documents produced.

## IV.  CONCLUSION

The motion is denied. The parties shall comply with the additional provisions set forth above.

IT IS SO ORDERED.

Dated: March 22, 2007

RICHARD SEEBORG
United States Magistrate Judge

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Marcie Sarah Isom    misom@gordonrees.com

Matthew Rafat    willworkforjustice@yahoo.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 3/22/07**                                                        **Chambers of Judge Richard Seeborg**

**By:**        /s/ BAK