**\*E-FILED 4/3/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JAMILAH ABDUL HAQQ,

    Plaintiff,

v.

STANFORD HOSPITAL AND CLINICS, et al.,

    Defendants.

NO. C 06-05444 JW (RS)

**ORDER RE ENTRY OF PROTECTIVE ORDER**

On March 22, 2007, the Court entered an order denying plaintiff's motion for a protective order in connection with certain subpoenas that defendants had served on third parties. Because the parties appeared to be in agreement that it would be appropriate to enter a general protective order in this action, however, the Court also instructed the parties to meet and confer as to the form of such an order. The parties were further directed that in the event they were unable to reach an agreement on the form, they were to submit their respective proposed orders "with a joint cover letter not to exceed three pages identifying the points of disagreement."

On April 2, 2006, plaintiff unilaterally filed a letter brief and a proposed form of protective order. Subsequently, defendants submitted a letter brief in response and an alternative proposed order. Plaintiff's proposed form includes provisions addressing several specific areas of controversy that apparently have arisen between the parties. Defendant's proposed form includes provisions relating to the Court's March 22, 2007 order. Absent a stipulation, the Court cannot resolve specific disputes of the nature raised by plaintiff in the context of entering a general protective order, nor is it appropriate to revisit the Court's prior resolution of a specific discovery dispute in a general

1

protective order.

Accordingly, at this time the court will enter a general protective order in the form suggested, but not required, by the Court's website, on which the parties' respective proposals appear to have been modeled. Should the parties wish to modify that order or to resolve other disputes, they may do so in conformance with the Local Rules, with particular attention to their obligation to meet and confer to attempt to find resolutions without Court intervention.

Finally, in the interests of judicial efficiency, the Court will clarify one aspect of its March 22, 2007 order, in view of an issue raised in defendants' letter brief. The March 22nd order adopted defendants' own proposal that they would hold materials produced under the subpoenas then in dispute on an "attorney eyes only" basis for 60 days. Defendants' present concern that doing so will interfere with the schedule for expert discovery should be addressed by the parties making a diligent effort to reach an agreement as to the designation of documents in a shorter time frame. Nothing in the March 22nd order was intended to require defendants to hold any document as "attorney eyes only" for the full 60 days if agreement was reached more promptly that such document would not be entitled to that level of protection under the general protective order.

IT IS SO ORDERED.

Dated: 4/3/07

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Marcie Sarah Isom     misom@gordonrees.com

Matthew Rafat     willworkforjustice@yahoo.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/3/07**                                                      **Chambers of Judge Richard Seeborg**

                                                                       **By:**     /s/ BAK