**\*e-filed 6/1/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMILAH ABDUL HAQQ,<br><br>　　　　Plaintiff,<br>　v.<br><br>STANFORD HOSPITAL AND CLINICS, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　　／ | NO. C 06-05444 JW (RS)<br><br>**ORDER GRANTING MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION** |

### I. INTRODUCTION

Defendants Stanford Hospital and Clinics and Lucile Packard Children's Hospital at Stanford (collectively "Stanford") move to compel plaintiff Jamilah Abdul Haqq to submit to an independent mental examination. Haqq opposes the motion, arguing that such an exam is not warranted in an ordinary employment case such as this. The Court finds this matter suitable for disposition without oral argument, pursuant to Local Rule 7-1 (b). In view of Haqq's claims of severe ongoing emotional distress and the fact that such alleged injury is the "primary source" of her claim for damages, the motion will be granted.

## II. DISCUSSION

Federal Rules of Civil Procedure, Rule 35(a), provides, in relevant part:

> When the mental or physical condition… of a party…is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination…. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Accordingly, to justify a mental examination under Rule 35, the defendants must demonstrate (a) that the plaintiffs have placed their mental condition "in controversy," and (b) "good cause" for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 241-43, 13 L.Ed.2d 152 (1964).

A plaintiff's mental or physical condition is "in controversy" when such condition is the subject of the litigation. *Robinson v. Jacksonville Shipyards, Inc.*, 118 F.R.D. 525, 531 (M.D. Fla. 1988). Among other things, courts have held that a separate tort claim for emotional distress places the plaintiff's mental condition in controversy. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995) (intentional infliction of emotional distress claims place mental condition in controversy.).

"Good cause" generally requires a showing of specific facts justifying discovery. Factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress. *See Turner*, 161 F.R.D. 89, 97-98 (expert testimony); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (ongoing emotional distress); *Schlagenhauf*, 379 U.S. 104, 118-119 (availability by other means).

Even if good cause is shown, it is still within the court's discretion to determine whether to order an examination. *Stinchcomb v. United States*, 132 F.R.D. 29, 30 (E.D. Pa. 1990). Although the rule is to be construed liberally to allow the examination, the court must take into account the interest of the party to be examined in avoiding unnecessary invasion of privacy balanced against the moving party's right to a fair trial. *Curtiss v. Express, Inc.*, 868 F. Supp. 467, 468 (N.D. N.Y. 1994).

As noted above, where a separate tort claim for emotional distress is alleged, courts have

held that plaintiff's mental condition is thereby placed in controversy. *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995). Haqq has expressly alleged no such separate claim here. Nevertheless, the "controversy" for the purpose of Rule 35 need not be disclosed in the formal pleadings. *Swift v. Swift*, 64 F.R.D. 440 (E.D. NY 1974). An alleged ongoing mental or emotional illness puts the claimant's mental condition in controversy. *See Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995); *Jansen v. Packaging Corporation of America*, 158 FRD 409 (N.D. Ill. 1994). Here, Haqq contends that she has suffered and continues to suffer severe emotional distress and symptoms arising from Stanford's alleged treatment of her. Additionally, it appears the overwhelming majority of her claim for monetary damages arises from her alleged emotional distress.[1]

As such, this does not appear to be a "garden variety" claim where emotional distress damages are sought only as an adjunct to other claims. By claiming ongoing severe mental distress and basing her damages claim thereon, Haqq has put her mental state in controversy and Stanford is entitled to an independent examination.

Finally, Haqq suggests that certain aspects of the exam proposed by Stanford are inappropriate in any event. While the Court is authorized to place limits and conditions on the exam, Haqq has not shown that any specific limitations should be imposed here. There is no reason to believe that the examiner will not act professionally and or will subject Haqq to unnecessary testing or inquiry.

---

[1] A complete copy of Haqq's interrogatory responses is part of the record herein at Docket No. 27 (Isom Declaration in opposition to plaintiff's motion for a protective order). Accordingly, Stanford's failure to include the relevant interrogatory response (No. 19) in the materials filed in support of the present motion is not fatal.

III. CONCLUSION

Stanford's motion is granted. The parties shall cooperate to schedule the exam at the earliest practicable time.

IT IS SO ORDERED.

Dated: June 1, 2007

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Marcie Sarah Isom    misom@gordonrees.com

Matthew Rafat    willworkforjustice@yahoo.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 6/1/07**                                         **Chambers of Judge Richard Seeborg**

                                                  **By:**      /s/ BAK